USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
: No. 06 Civ. 15389 (BSJ) (KNF)
AMERICAN INTERNATIONAL GROUP, :
INC. :
          Plaintiff, :
                                          :  **ORDER TO SHOW CAUSE**
     -against-                            :
                                          :
                                          :
DONG "DEE" CHUNG,                         :
                                          :
          Defendant.                      :
                                          :
------------------------------------------------------- x



U.S. DISTRICT COURT FILED DEC 2 2 2006 S.D. OF N.Y.

Upon the annexed declarations of Katherine Richardson, Kenneth Rappold, Felipe Toro, Matthew McKeever and Alexander C.B. Barnard, the Affidavit of Paul Smith, and the accompanying Complaint and Memorandum of Law, together with all exhibits and attachments thereto, it is hereby:

ORDERED, that the above named Defendant, Dong "Dee" Chung ("Defendant"), show cause before this Court, in Courtroom 18-B of the United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on December 28, 2006, at 10 o'clock in the a.m. thereof, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows:

(a) Enjoining Defendant from using or disclosing any of AIG's privileged, confidential and/or trade secret information concerning the business or affairs of AIG, its affiliates and clients;

(b) Requiring Defendant to return to AIG any of AIG's privileged, confidential and/or trade secret information; and

(c) Requiring Defendant to return to AIG the AIG laptop computers and Blackberry device that remain in Defendant's possession, custody or control.

60956/2017631 2

It is FURTHER ORDERED that pending the hearing of Plaintiff's application for a preliminary injunction, and to prevent immediate and irreparable injury, loss and damage to Plaintiff as alleged in the accompanying declarations and memorandum of law, that Defendant, including all persons and entities acting in concert with her, is hereby TEMPORARILY RESTRAINED as follows:

(a) from using or disclosing any of AIG's privileged, confidential and/or trade secret information concerning the business or affairs of AIG, its affiliates and clients;

(b) Defendant is required to return to AIG any of AIG's privileged, confidential and/or trade secret information; and

(c) Defendant is required to return to AIG the AIG laptop computers and Blackberry device that remain in Defendant's possession, custody or control.

~~It is FURTHER ORDERED that security in the amount of $_____ shall be posted by the Plaintiff prior to _____, 2006 at _____ o'clock in the __.m. thereof.~~

It is FURTHER ORDERED that service of this Order to Show Cause, together with the papers on which it was granted, shall be deemed good and sufficient service if made by personal delivery, e-mail or facsimile on Defendant or ~~his~~ her counsel on or before 5 p.m. on December 22, 2006.

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
December 22, 2006
3:30 p m